UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MARIE FAZIO, et al., | No. 2:18-cv-1024-KJM-GGH |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JP MORGAN CHASE BANK, et al., | |
| Defendants. | |

*INTRODUCTION AND SUMMARY*

This is not plaintiffs' first litigation involving their former property. Evidently distraught about losing their home through foreclosure, and the asserted, early-on refusal of the mortgage companies involved to renegotiate the loan in good faith, several actions have been brought in state court and, inevitably, removed to federal court. The gist of the actions is not substantive, but involve alleged procedural irregularities in the foreclosure process. The federal claims have been dismissed and one even appealed. The last federal decision involved a sua sponte remand to state court after dismissal of the lone federal claim asserted by plaintiffs. This case involves another removal from El Dorado Superior Court to this court.

Plaintiffs favor having their claims decided in state court and in a well written motion and reply have moved to remand this action back to El Dorado County Superior Court based on a "can't remove twice on the same grounds" rule extant in the Ninth Circuit. Defendants assert an

1

exception to that rule and argue that they are properly in federal court and, in turn, move to dismiss on the grounds that enough is enough and this action is barred by res judicata or collateral estoppel principles. This Order will address only the remand issue since, if remand is proper, the defendants' motion can be asserted in state court upon the return to that forum.

*PROCEDURAL HISTORY*

Plaintiffs brought their first action regarding the foreclosure on their home which they filed against Washington Mutual FA, JP Morgan Chase NA ["JPMorgan"] and MTC Financial Inc. ["Trustee Corps"] in this court on February 25, 2014, basing jurisdiction on 28 U.S.C. sections 1331 (federal question) and 1343 (civil rights), 15 U.S.C. sections 1692 (consumer credit protections) and 1641(g) (liability of assignees of debt), 12 U.S.C. section 2605 (consumer credit protections( and 1641(g) (liability of assignees of debt), 12 U.S.C. 2605 (regulation of servicing of mortgage loans), 18 U.S.C. sections 1961 (RICO), 1341 (Fraud) and 1347 (health care fraud) and 42 U.S.C. section 1983 (federal civil rights). See 2:14-cv-538-GEB-KJN. The state claims in that complaint included declaratory relief, quasi contract, negligence, violation of California Business and Professions Code section 17200, fraud and for an accounting. On July 2, 2014 the federal claims were dismissed by this court with prejudice and the state claims were dismissed without prejudice. ECF No. 36. An appeal resulted in affirmance of this court's order on March 20, 2018. ECF Nos. 37, 38.

On September 15, 2014 plaintiffs filed a new complaint against the same defendants in El Dorado County Superior Court, case number PC20140440. The matter was removed by defendants JPMorgan and Federal Home Loan Mortgage Corporation ["Freddie Mac"] on November 3, 2014 pursuant to 12 U.S.C. section 1452(f) which gives Freddie Mac a right to remove cases in which it is involved to federal court at any time, and 28 U.S.C. section 1442, which extends the same right to any federal agency that is sued or prosecuted in a state venue. See 2:14-cv-2574-TLN-KJN at ECF No. 1. The claims in that suit were for wrongful foreclosure, intentional misrepresentation and cancellation of documents. Defendants moved to dismiss on November 10, 2014, id. at ECF No. 10, and plaintiffs moved to remand on November 20, 2014. Id. at ECF No. 24. Plaintiffs had initially brought this suit pro se but counsel entered the action

2

for plaintiffs on January 5, 2015, id. at ECF No. 42, and that counsel filed a Notice of Voluntary Dismissal on January 9, 2015. Id. at ECF No. 51. The court dismissed the case without prejudice on the same day. Id. at ECF No. 52.

On August 11, 2016 plaintiffs filed a new action in pro se in El Dorado County Superior Court, Case No. PC20160389, and defendants again removed to this court on September 13, 2016 basing jurisdiction on 28 U.S.C. sections 1441(a) (general removal), 1331 (federal question) and 1332 (diversity). Also adverted to were sections 28 U.S.C. sections 1441 and 1446 to reflect procedural requirements had been met, and Freddie Mac's special removal statute, 12 U.S.C. section 1452(f). See 2:15-cv-2183-JAM-DB at ECF No. 1. The claims brought in that case were wrongful foreclosure, cancellation of documents and TILA. On July 19, 2017 the district court dismissed the TILA claim without leave to amend, declined to exercise supplemental jurisdiction over the two state claims, and remanded the matter to state court. Id. at ECF No. 30. Important to note here is that Freddie Mac did not object to the magistrate judge's Findings and Recommendations, which led to the district court's dismissal, to raise the issue of its right to remain in the district court pursuant to 12 U.S.C. section 1452(f).

The present case arose when plaintiffs filed a First Amended Complaint in the El Dorado Superior Court action, Case No. PC20160389, on April 14, 2018, which defendants removed on April 24, 2018 relying on 28 U.S.C. section 1441(a)(general removal) with references to 28 U.S.C. sections 1331 (federal question), 1441 (joinder of federal and state claims) and 1447 (procedural requirements) and a further reference to 12 U.S.C. section 1452(f). ECF No. 1 at 2. Thus, defendants removed the same case from El Dorado County Court that they had removed in 2014 and successfully achieved dismissal and remand. See 2:14-cv-2574-TLN-KJN, *infra*. The federal defendants then moved to dismiss the instant complaint for failure to state a claim under Federal Rules of Federal Procedure 12(b)(6) on May 1, 2018, ECF No. 6, and defendant Trustee Corp followed suit in ECF No. 9. Plaintiff countered with their motion to remand on May 11, 2018. ECF No. 12.

////

////

3

*DISCUSSION*

There are two critical points for this court in considering the defendants motion to remand. First, the removed case bears the same Superior Court case number as did the case that was remanded by this court on July 19, 2017 – PC2016039. Thus, plaintiffs argue that this remand is required based on the fact that this is a successive removal of the same case. Second, this court has discovered that defendants never notified the El Dorado County Court of the removal and it therefore remains an active case in that court.

A.  *Successive Removal*

The Ninth Circuit Court of Appeals strictly construes the removal statute and has therefore enunciated the doctrine that federal removal jurisdiction must be rejected if there is any doubt as to the right of removal "in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) *citing* Libhard v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). This "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Id. *quoting* Nishimoto v. Touche Ross & Co., 847 F.2d 1190, 1195 (9th Cir. 1988). In its first removal of a Fazio case, albeit filed under a different case number in El Dorado County, defendants expressly relied on 12 U.S.C. section 1452(f) to support its removal. That statute provides:

> Notwithstanding section 1349 of Title 28 or any other provision of law, (1) the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28; (2) all civil actions to which the Corporation is party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of the Corporation is located, by following any procedure for removal of causes in effect at the time of such removal.[1]

---

[1] The last clause of the statute is of importance here as it makes clear that, despite the deference that Freddie Mac has been granted with regard to removal, it still must conform to the constrictions of the removal procedures found in the Federal Rules.

4

This statute has been held to provide Freddie Mac with more flexibility than it would otherwise have in determining when and how to remove. Federal Home Mortg. Corp. v. Matassino, 909 F.Supp. 1276, 1280 (N.D.Ga. 2012) *recon. denied* 911 F.Supp.2d 1276 (N.D.Ga. 2012). When Freddie Mac exercises its right under this statute is will be honored by the district courts "unless some other act of Congress expressly prevents removal under federal law." Id. at 1280. Thus, it has been determined that the enactment was meant to ensure that Freddie Mac would have "ready access to the federal courts," id. at 1281, but it has nowhere been held that it need not obey the strictures of the federal removal statutes or the interpretation of those strictures by the federal courts.

Returning to the presumption against removal in general, that presumption leads to remand at any time the courts identify a reason to doubt the reason for the exercise of the right, Gaus v. Miles, supra, 980 F.2d at 566, *citing inter alia* Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 814, 818 (9th Cir. 1995). Thus, any doubt as to the removability is to be resolved in favor of remanding a case to the state court from which it was removed. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). There are, however, exceptions to the application of the presumption.

First, in Leon v. Gordon Trucking, Inc., 76 F.Supp.3d 1055, 1062 (C.D.Cal. 2014) the Central District pointed out that the focus is on the specific party that filed a second petition after having been remanded. Here, however, Freddie Mac either led or joined in all of the removal efforts used to frustrate the Fazio plaintiffs' desire to litigate this case in state court. Nor is the presumption applied when the second petition is founded upon different ground. Id. *citing* St. Paul & Co. v. McLean, 108 U.S. 212, 217 (1883). But here each implicated removal either relied squarely upon or adverted to the statute, plus Freddie Mac clearly knew the grounds it had at the time of district court's original remand was recommended, and did not raise its right to remain in federal court. Thus, this exception to the rule does not apply either.

Further, in Kirkland v. Continental Cas. Co., 933 F.2d 729 (9th Cir. 1991), the circuit court considered whether the preclusion being discussed here applied to permit remand a case which had a removing defendant, FDIC, which was accorded a similar, if not identical, removal

5

provision granting FDIC the same broad removal rights asserted by Freddie Mac here. Id. at 731-732. In this case the appellant was arguing that despite the special removal provision the prohibition against successive removals should apply to support remand of this case in which the FDIC was implicated. Id. at 732. In this case the Ninth Circuit reversed the remand decision solely on the ground that the recent enactment of the special removal section applicable to the FDIC "reveal[ed] a *new and different* ground for removal," than that which had been relied upon in the initial removal, *citing* FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979)(emphasis in original). Here there is no change in law or any other "new and different ground" for Freddie Mac's successive removal of this case.

*B.     Conformity to Removal Conditions*

As stated in the special removal provision being applied here, Freddie Mac is required by the statute to remove "by following any procedure for removal of causes in effect at the time of such removal." 12 U.S.C. section 1452(f). 28 U.S.C. section 28 U.S.C. section 1446(d), the statute that covers the proper procedure for removal of civil actions, states that:

> [promptly after filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal* and the State court shall proceed no further unless and until the case is remanded.

The concluding paragraph of the Notice of Removal filed in this case states that:

> [d]efendants respectfully request that this Court make any and all orders necessary to effect the removal of this case from the Superior Court for the State of California, County of El Dorado, to this Court, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Superior Court for the State of California County of El Dorado.

As the court has noted above, however, when checking with the El Dorado County Superior Court to determine that the case before the court bore the same case number as the previously removed case it learned that the Superior Court had been give no notice of the removal and that the case purportedly removed remained open there. Thus, while defendants timely filed the Notice of Removal in this court it never provided the state court with the "prompt notice" of that

6

action that is required by 28 U.S.C. section 1446(d) and thus that it did not meet the requirement to do so found in its own removal statute to conform to the procedural rules of the federal courts.

Thus, it is clear to this court that there is a great deal of doubt as to the right of removal "in the first instance," which the Ninth Circuit held to support remand in Gaus v. Miles, Inc., supra, 980 F.2d at 566.

The undersigned makes clear that he would recommend a remand regardless of the information received from the El Dorado County Superior Court based on the failure of defendants to object to the remand recommendation of Magistrate Judge Barnes. However, the undersigned also realizes that in this section of the Recommendation he is relying on telephonic communications from a clerk in the Superior Court. Defendants may on objections file factual material, if they can, at odds with the clerk's communication, e.g., file stamped copy of the removal papers. If such information is provided, the district judge likely will not adopt this part of the Findings and Recommendations, and/or the undersigned will vacate this section.

*CONCLUSION*

In light of the foregoing IT IS HEREBY RECOMMENDED that:

1. Defendants' Motion to Dismiss should be denied;

2. Plaintiffs' Motion to Remand should be granted and the case remanded to the Superior Court of El Dorado County where it still pends.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO RECOMMENDED**.

Dated: October 1, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE